32 C.C.P.A. (Patents)

### Application of DUKEHART et al.

#### Patent Appeal No. 4971.

Court of Customs and Patent Appeals.

March 5, 1945.

Mason & Porter, of Washington, D. C. (Eugene G. Mason, of Washington, D. C., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C.,

112

of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

Appellants bring before us for review the decision of the Board of Appeals of the United States Patent Office affirming the decision of the examiner rejecting claim No. 6 of their joint application (serial No. 359,954, filed October 5, 1940) for patent for a container, stated in their brief to be "particularly adapted for the packaging of smoking tobacco."

The claim reads:

"6. A container comprising a body portion, a cover end secured to the body portion by a double seam, said body portion having score lines extending around the same below the double seam and forming therebetween a rip strip adapted to be removed for permitting the opening of the container, said cover end having a depressed portion adapted to extend into said body and make frictional contact therewith for holding said cover end in place when used as a re-closure cover, said cover end having a further depressed portion centrally thereof provided with an upwardly extending integral hollow knob, the upper end of which is disposed below the plane of the upper edge of a double seam."

It is thought that the device may be visualized from the claim itself, but it is not amiss to quote the following description stated in the brief of the Solicitor for the Patent Office before us:

"The cover [of the container] is sealed to the upper edges of the container by a double seaming below which there is a rip strip. This strip is torn off to enable the cover to be removed. The cover, however, is so formed with a depressed portion which will fit closely inside the container that the container may be closed therewith to make an efficient seal therefor. The cover is made with a depressed portion in the middle of which is formed a knob."

The examiner rejected the claim as unpatentable over the prior art, citing as references the following patents:

O'Brien et al., 1,764,883, June 17, 1930.
Geiger, 1,557,826, October 20, 1925.
Clare (British), 313,029, June 5, 1929.
Hermani, 1,863,793, June 21, 1932.

In its decision the board referred to each of the references so cited by the examiner, and agreed with the examiner that appellants' combination presented nothing patentable over the disclosures of such prior art.

It is apparent that every structural feature of the claim is disclosed in the prior art cited, but it is contended by appellants that they are not shown in the combination as appellants arrange them.

The patent to O'Brien et al. for a replaceable receptacle closure discloses every structural feature of the claim except the knob in the center of the cover, and such a knob is shown in each of the devices in the other patents. The Hermani device (a "provision safe"), for example, discloses a cover having a depression in which depression there is a knob that serves as a handle for lifting the cover, the upper end of the knob disposed below the upper plane of the cover. It does not show the cover secured to the body portion of the safe by a double seam which constitutes a rip strip, but as has been indicated, that feature is present in the device of O'Brien et al.

All that appellants did, so far as the claim at issue is concerned, was to apply a knob such as that of Hermani to a cover secured to the body of a container by a double seam constituting a rip strip such as is shown by O'Brien et al. Doubtless some modifications were necessary to fit the parts for use in appellants' container, but those modifications were within the realm of mechanical skill and cannot properly be said to have been inventive in any patentable sense.

In the brief for appellants it is stated, in effect, that they conceived the device defined in the claim "without any suggestions or teachings from the prior art." We do not question the truth of the statement, but the fact that appellants had no knowledge of the prior art does not render their device patentable.

The decision of the board is affirmed.

Affirmed.